EBENEZER N. BRYANT *v.* STATE OF MISSISSIPPI.

[46 South., 247.]

CRIMINAL LAW AND PROCEDURE. *Schools. Teachers' licenses. Examination questions. Selling or offering to sell. Code* 1906, § 4546.

Where, under the statute, Code 1906, § 4539, the examination of persons applying for license to teach in the public schools is to be held on questions prepared by the state superintendent of education and sent sealed to the county superintendent to be opened in the presence of the applicants after they have assembled, etc., an accused cannot be convicted of selling or offering to sell the examination questions, made a misdemeanor by Code 1906, § 4546, in the absence of proof that the questions sold or offered to be sold by him were prepared by the state superintendent and sent sealed to the county superintendent.

FROM the circuit court of Lincoln county.

HON. MOYSE H. WILKINSON, Judge.

Bryant, appellant, a negro, was charged before a justice of the peace with having violated Code 1906, § 4546, making it a misdemeanor for any person to sell or offer to sell, or give away or offer to give away, the examination questions or answers to the same prepared by the proper authorities for the examination of teachers of the public schools, before the date of the examinations at which the questions are to be used. He was convicted in the justice's court and appealed to the circuit court; was again convicted in the circuit court and appealed to the supreme court.

The affidavit on which appellant was tried charged that appellant did "then and there willfully and unlawfully offer to sell the examination questions, the said Bryant having said questions in his possession at the time and answers to the same, prepared by the proper authorities for the examination of teachers of the public schools, before the date for the examination, at which time said questions were to be issued; contrary to the

form of the statute in such case made and provided, and against the peace and dignity of the state of Mississippi."

Code 1906, § 4546, prescribes that:

"Any person who sells or offers to sell, or give away, or offers to give away the examination questions, or answers to the same prepared by the proper authorities for the examination of teachers of the public schools, before the date of the examination, at which time such questions are to be used, shall be guilty of a misdemeanor," etc.

Code 1906, § 4539, provides that:

"The examination (of applicants for teacher's license) shall be held upon questions prepared by the state superintendent of education and sent sealed to the county superintendent to be opened by him in the presence of the teachers after they have assembled in the examination room, and after the seals have been inspected by the examiners."

*H. Cassedy,* for appellant.

The evidence fails to show that the the questions were prepared by the state superintendent of education and by him sent sealed to the county superintendent. While the court will take judicial notice of the official duties of the state superintendent of education, it will require affirmative proof to determine that there has been performance of such duties.

The body of the offense in this case consisted of offering to sell questions prepared by the proper authorities, and not questions used by the county board of examiners. There should have been proof on the trial, to sustain conviction, that such questions were actually prepared and in proper method sent out by the state superintendent of education.

The circumstance that some of the questions on the paper which the appellant, Bryant, showed and sold to different parties were similar to those propounded on the examination by the county board of examiners, does not supply the proof necessary to substantiate the charge in the affidavit that the questions were

the same as those prepared by the proper authorities for the examination of teachers of the public schools.

Before the appellant can be legally convicted of violating Code 1906, § 4546, it must, beyond a reasonable doubt, be shown in evidence that: (1) The state superintendent of education prepared questions for the examination, and that these questions were sent sealed to the county superintendent of education for the purposes mentioned in the statute; (2) that appellant offered to sell these questions, or to give them away, before the date of the examination for which the papers were prepared. Now, the state has only proved, in this case, that appellant offered to sell to a certain negro some examination questions, and that some of these questions offered to be sold appeared on the board in the examination of teachers.

It would have been an easy thing, if the state superintendent actually prepared the questions and sent them sealed to the county superintendent of education, to have proved the fact. The fact that he did prepare and send them to the county superintendent of education was material in proving appellant guilty. *Bryant* v. *State,* 65 Miss., 435, 4 South., 343; *Norton* v. *State,* 65 Miss., 297, 3 South., 665; *McDonald* v. *State,* 68 Miss., 728, 10 South., 55; *West* v. *State,* 70 Miss., 598, 12 South., 903.

*George Butler,* assistant attorney-general, for appellee.

It is contended by learned counsel for appellant that a conviction cannot stand in this case, because the state failed to show, on the trial, that the questions appellant offered to sell were those prepared by the state superintendent of education and sealed and sent to the county superintendent of education, as provided by Code 1906, § 4539. The record shows that the district attorney asked the witness, Hicks, who prepared the questions which appellant offered to sell, "By whom were these questions prepared?" To which the witness answered: "By the state superintendent of education and the committee appointed by him." This answer was objected to by counsel for appellant, and the

objection was sustained. Appellant was then doubtless proceeding on the idea that the law presumed that these officers had done their duty. He now, however, contends that because this proof was not made, the conviction was improper; thus seeking to take advantage of an error which he himself has brought about.

It appears clearly in the evidence that on the day before the examination, the appellant offered to sell to the witness Hicks the questions to be used on the examination, for the sum of five dollars; that witness saw the questions and, on the following day, stood the examination, and that the questions propounded on the examination were identical with those which appellant had shown and offered to sell to him. In the absence of evidence to the contrary, public officers are presumed to have done their duty in accordance with law. 9 Ency. Evidence, 944.

In *Wilkie* v. *Collins,* 48 Miss., 510, it is held that "there is always a presumption that every individual conforms his conduct with the requisitions of duty prescribed by law." In *Davany* v. *Koon,* 45 Miss., 71, it is held that "if an official act comes into question, the presumption is in favor of its propriety and validity, unless a departure from or violation of law is apparent on the face of the transaction."

WHITFIELD, C. J., delivered the opinion of the court.

It is fatal to the conviction, in this case, that the evidence does not show that the questions, which the appellant offered to sell, were prepared by the state superintendent of education and sealed and sent to the county superintendent of education, as provided by Code 1906, § 4539.

*Reversed and remanded.*